**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAFAEL MARCILLA FLORES,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>ERIC ROKOSKY, *et al*<br>*in his official capacity as the Warden for the Elizabeth Detention Facility*<br><br>　　　　　　　Respondents. | Civil Action No. 25-18998 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

　　**THIS MATTER** comes before the Court on the filing of a counseled petition (Petition) of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by Petitioner Rafael Marcilla Flores.[1] (ECF No. 1.) Petitioner is an immigration detainee confined at the Elizabeth Detention Facility in Elizabeth, New Jersey. For the reasons stated below, the Petition is **GRANTED**.

　　According to the I-203 Record of Deportable Alien/Inadmissible Alien ("I-203"), dated December 9, 2025, Petitioner, a citizen and national of Peru, entered the United States, on or about December 28, 2021, at or near the Hildago, Texas border without inspection. (ECF No. 4-1 at 2.) On the same date, Border Patrol officers encountered Petitioner and "processed him as an Expedited Removal with credible fear." (*Id.*) On January 4, 2022, "triggering documents for a

---

[1] 　The Petition names as Respondents (in their official capacities) Eric Rokosky, Facility Director for the Elizabeth Detention Facility; John Tsoukaris, Newark, New Jesey Field Office Director for U.S. Immigration and Customs Enforcement ("ICE"); Kristi Noem, Secretary of Homeland Security ("DHS"); and Pamela Bondi, Attorney General of the United States. (ECF No. 1 at 1, ¶¶ 5-8.)

Cred Fear interview were submitted to the USCIS Asylum Office." (*Id.*)  Petitioner filed two I-589 asylum applications.  (*Id.* at 3.)

On January 8, 2022, "[Petitioner] – was determined to be a candidate under Fraihat Guidelines and released from custody on interim parole." (*Id*. at 2.)  Together with his Petition, Petitioner submits the following two parole documents: (1) an Interim Notice Authorizing Parole ("Interim Notice") signed January 7, 2022 informing Petitioner that ICE has decided to parole Petitioner from its custody pursuant to "its authority under section 212(d)(5)(A) of the Immigration and Nationality Act [8 U.S.C. § 1182(d)(5)(A)]" (ECF No. 1 at 95); and (2) a January 7, 2022 Notice of Custody Determination ("Notice") indicating that Petitioner will be released "Under other conditions. ("Additional document(s) will be provided.)" "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226] and part 236 of title 8, Code of Federal Regulations" (*id.* at 96).

On December 9, 2025, Petitioner appeared for his credible fear interview at the USCIS Asylum Office, which he passed.  (ECF No. 1 ¶ 29; ECF 4-1 at 2-3.)  "[Petitioner] was served an I-862 by USCIS, placing him in removal proceedings under sections 212(a)(6)(A)(1) and 212 (a)(7)(A)(i)(I) [8 U.S.C. §§ 1282(a)(6)(A)(1) and 1182(a)(7)(A)(i)(1)]." (ECF No. 4-1 at 2.)  ICE officers took Petitioner into custody.  (*Id.* at 2-3.)

Petitioner filed his Petition on December 27, 2025.  (ECF No. 1.)  On December 31, 2025, the Court entered the following Text Order:

> This matter is before the Court on Petitioner's petition (Petition) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) According to Petitioner, Respondents are presently detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b), pursuant to a July 8, 2025 Department of Homeland Security memorandum and the decision of the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF No. 1 3, 35.) Under this Court's recent decision in *Chen*

2

>*v. Soto*, No. 25-17198, 2025 WL 3527239 (D.N.J. Dec. 9, 2025), the Court holds that Petitioner is subject to detention under 8 U.S.C. § 1226(a), which requires an opportunity to seek bond, id. at *2-4. Specifically, it appears that, *inter alia*: (1) Petitioner has continuously resided in the United States since he was released on parole in or about January 2022; and (2) on December 9, 2025, in the interior of the United States, Petitioner was detained at a scheduled check-in appointment. (ECF No. 1 27, 29.) Based on these alleged facts, *Chen* controls this present matter. *Chen*, 2025 WL 3527239, at *4. In accordance with 8 U.S.C. § 1226(a), within seven (7) days of the date of entry of this Text Order, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge [("IJ")] who shall assess whether [he] presents a flight risk or a danger to the community. Within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court. If Respondents contend that *Chen* does not control, they shall file an expedited answer within five (5) days of the date of entry of this Text Order, and Petitioner may file a reply within three (3) days of the date of filing of Respondents' expedited answer. Finally, the Clerk of the Court shall forward a copy of the Petition (ECF No. 1), the attached document (ECF No. 1-1), and this Text Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov. So Ordered by Judge Georgette Castner on 12/31/2025.

(ECF No. 2.)  On January 6, 2026, Respondents filed a letter answer in which they argue that this proceeding is distinguishable from *Chen* on the grounds that *Chen* addressed mandatory detention under 8 U.S.C. § 1225(b)(2), while Petitioner is purportedly subject to mandatory detention under 8 U.S.C. § 1225(b)(1).  (ECF No. 4.)  Petitioner filed a reply on the same date, arguing that "because he was released pursuant to Section 236 [§ 1226] after he initially entered the United States without inspection in or about January of 2022 and because removal proceedings were thereafter initiated against him as of December 10, 2025, he is no longer considered an 'arriving alien' and his detention should be governed only by Section 236."  (ECF No. 5 at 1-2.)

According to Respondents, they detained Petitioner under § 1225(b)(1)(B)(ii) (which provides that an alien with a positive credible fear determination "shall be detained" throughout

3

the removal proceedings) because he was (1) apprehended at a port of entry or near the border, (2) placed into expedited removal proceedings, and (3) passed a credible fear screener interview. (ECF No. 4 at 2.) Respondents further suggest that the fact "Petitioner was released or paroled after being first apprehended and later re-detained does not change detention from § 1225(b)(1) to § 1226(a)." (*Id.* (citing *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2400657, at *1 (E.D. Va. Aug. 5, 2025)). However, Respondents have failed to offer support for their position that Petitioner was paroled as a noncitizen detained under § 1225(b)(1). *See Morocho v. Soto*, No. 25-17603, 2026 WL 63747, at *2-3 (D.N.J. Jan. 8, 2026) (rejecting the respondents' argument that a previously paroled or released petitioner was lawfully detained under § 1225(b)(1)); *Sotelo Salvatierra v. Bondi,* No. 25-18608, 2026 WL 45171, at *1 (D.N.J. Jan. 7, 2026) (same).

Section 1182(d)(5)(A) permits noncitizens held under § 1225(b)(1) to be paroled; however, the evidence presented to this Court has failed to establish that "in fact [Petitioner was] 'paroled' into the United States" pursuant to this provision. *Sotelo Salvatierra*, 2026 WL 45171, at *1. In their letter answer, Respondents merely claim that "Petitioner was *released* or paroled after being first apprehended" (ECF No. 4 at 2 (emphasis added)), and, as the *Sotelo Salvatierra* court explained, "[t]his is not a showing that Petitioner was initially paroled into the United States," 2026 WL 45171, at *1.

In fact, "there are several types of 'parole'" in the immigration context. *Morocho*, 2026 WL 63747, at *2. For example, "§ 1182(d)(5)(A) allows for humanitarian parole by DHS of noncitizens detained under [§ 1225(b)], while [§ 1226(a)] allow for "conditional parole" of noncitizens detained under § 1226(a). Additionally, § 1226(a) also allows for the release of a noncitizen on 'bond of at least $ 1,500.'" *Id.* Respondents do not provide the Court with any documentation indicating that Petitioner received humanitarian parole under § 1182(d)(5)(A). *See*

4

*id.* at *1. The I-203 submitted by Respondents instead indicates that Petitioner received "interim parole" under the "Fraihat Guidelines." (ECF No. 4-1 at 2,) In the *Fraihat* case, the court issued a nationwide injunction directing ICE to identify and track detainees with conditions placing them at heightened risk of contracting COVID-19 and directed the agency to make timely custody determinations for at-risk detainees. *See Gladden v. Doll*, No. 21-802, 2021 WL 2567015, at *1 & n.1 (M.D. Pa. June 23, 2021). Finally, Petitioner submits documents (both dated January 7, 2022) providing inconsistent grounds for Petitioner's parole or release on or about that same date: on the one hand, the Interim Notice stated that he was paroled under § 1182(d)(5), but the Notice stated that he was released under § 1226. (ECF No. 1 at 95-96); *see also M.K. v. Arteta*, No. 25-9918, 2025 WL 3720779, at *8 (S.D.N.Y. Dec. 23, 2025) ("Unlike Section [1282(d)(5)], Section [1226] statutorily does not authorize respondents to treat M.K., once he had been conditionally paroled, as if were in expedited removal after having been stopped at the border." (footnote omitted)).

Accordingly, the Court again "holds that Petitioner is subject to detention under § 1226(a), which requires an opportunity to seek bond." (ECF No. 2 (citing *Chen*, 2025 WL 3527239, at *2-4).) In accordance with § 1226(a), Respondents shall provide Petitioner with an individualized bond hearing before an IJ who shall assess whether he presents a flight risk or a danger to the community. *See Morocho*, 2026 WL 63747, at *4 (ordering the respondents to provide the petitioner with a bond hearing before an IJ).

**IT IS**, therefore, on this 12th day of January 2026, **ORDERED** as follows:

1. The Petition (ECF No. 1) is **GRANTED** to the extent that Petitioner seeks an order requiring Respondents to provide him with a bond hearing before an IJ pursuant to § 1226(a).

2. Within seven (7) days of the date of entry of this Memorandum and Order, in accordance with § 1226(a), Respondents shall provide Petitioner with an individualized bond hearing before an IJ who shall assess whether Petitioner presents a flight risk or a danger to the community.

3. Within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court.

*Georgette Castner*
_____
GEORGETTE CASTNER
United States District Judge